UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GRAYSON,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF MARIN, et al.,<br><br>  Defendants. | Case No. 14-cv-05225-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND GRANTING LEAVE TO AMEND COMPLAINT**<br><br>Re: ECF No. 9 |

Before the Court is Defendants' Motion to Strike From Plaintiff's Complaint for Damages for Violation of Civil Rights Redundant Defendant and for Pleading an Improper Prayer for Relief Pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 9. For the reasons set forth below, the motion is granted in part and denied in part. Plaintiff's request for leave to amend his complaint, ECF No. 15 at 2, is granted.

**I.   BACKGROUND**

On November 25, 2014, Plaintiff Chaka Grayson filed a Complaint for Damages for Violation of Civil Rights against Defendants the County of Marin; Robert Doyle, individually and in his official capacity as Sheriff for the County of Marin; Evan Kubota, individually and in his official capacity as a deputy sheriff for the County of Marin; and Does 1-25. ECF No. 1. Plaintiff alleges that he suffered extensive trauma after being shot three times by Defendant Kubota. Id. at 5. He seeks damages, injunctive relief, and attorney's fees and costs. Id. at 12.

On December 30, 2014, Defendants Marin County and Marin County Sheriff Doyle filed a motion pursuant to Federal Rule of Civil Procedure 12(f) to strike from Plaintiff's complaint: (1) Defendant Sheriff Doyle in his official capacity; (2) Plaintiff's prayer for relief seeking punitive damages against the County of Marin; and (3) Plaintiff's prayer for relief seeking prospective injunctive relief. ECF No. 9 at 2. Defendant Evan Kubota joined in the motion to

strike on February 16, 2015. ECF No. 24.

## II. LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike pursuant to Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

## III. DISCUSSION

### A. Defendant Robert Doyle

First, Defendants argue that Plaintiff's suit against Defendant Marin County Sheriff Robert Doyle in his official capacity is duplicative of his suit against the County of Marin. ECF No. 9 at 3. They request that this redundancy be stricken, with Defendant County of Marin named as a defendant and Sheriff Doyle named only in an individual capacity. Id. Plaintiff does not oppose this request. ECF No. 15 at 2. Accordingly, the motion to strike is granted with respect to the naming of Defendant Doyle in his official capacity.

### B. Punitive Damages

Second, Defendants argue that Plaintiff's prayer for punitive damages against the County of Marin should be stricken because these damages are not recoverable as a matter of law. ECF No. 9 at 3. Plaintiff disavows any intention to seek punitive damages against the County of Marin or any municipality, and indicates that he seeks punitive damages only against individual defendants. ECF No. 15 at 2. Accordingly, the motion to strike is granted with respect to any prayer for punitive damages against the County of Marin.

### C. Injunctive Relief

Third, Defendants seek an order striking Plaintiff's prayer for injunctive relief enjoining the County of Marin "from permitting peace officers to patrol without reasonable monitoring of their psychological and/or psychiatric condition, pursuant to California Civil Code Section 52.1." ECF No. 9 at 3-4; see also ECF No. 1 at 12. Defendants argue that although California Civil Code Section 52.1 provides that an individual may bring an action for injunctive relief to protect his

constitutional rights, Plaintiff cannot seek injunctive relief against the County of Marin because Plaintiff's fifth cause of action for violation of California Civil Code Section 52.1 names only Defendant Kubota. ECF No. 9 at 3; see also ECF No. 1 at 10. Furthermore, Defendants argue, the complaint "lacks sufficient allegations to establish that Plaintiff has standing to seek equitable relief" because he has not identified any "sufficiently real and immediate" threat that he will be subject to the same harm again. ECF No. 9 at 4 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)). In response, Plaintiff requests leave to amend his complaint to name the County of Marin as a defendant in the fifth cause of action for violation of California Civil Code Section 52.1. ECF No. 15 at 5.

The Court "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff requested leave to amend ten days after Defendants filed their motion to strike, at a time when he was entitled to amend his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Defendants do not suggest that they would suffer prejudice if Plaintiff's request were granted. Accordingly, the Court grants Plaintiff leave to amend the complaint to name the County of Marin in the fifth cause of action for violation of California Civil Code Section 52.1.

Defendants maintain that even with this addition, Plaintiff's request for injunctive relief should be stricken because "injunctive relief is simply not a remedy that is available to Plaintiff." ECF No. 16 at 3. Citing Ashcroft v. Iqbal, 556 U.S. 662 (2009), Defendants argue that Plaintiff "cannot point to a sufficiently real and immediate threat in order to have a proper request for relief." ECF No. 16 at 2-3. See also Lyons, 461 U.S. at 105.

Defendants cannot demonstrate that Plaintiff's prayer for relief may be stricken under Rule 12(f). In Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010), the Ninth Circuit held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Id. at 974-75. The court explained that the claim at issue was not "an insufficient defense," "redundant," "immaterial," "impertinent," or "scandalous," and concluded that the defendant's 12(f) motion was "really an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment . . . as to those

1 portions of the suit ─ actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a
2 Rule 12(f) motion." Id. at 974; see Fed. R. Civ. P. 12(f); see also Yamamoto v. Omiya, 564 F.2d
3 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper way to procure the
4 dismissal of all or a part of a complaint" (internal quotation marks omitted)).  Although
5 Whittlestone did not specifically address motions to strike requests for injunctive relief, the Court
6 concludes that the Ninth Circuit's reasoning in Whittlestone extends to the prayer for relief at
7 issue here.  See McGuire v. Recontrust Co., N.A., No. 2-11-cv-2787-KJM-CKD, 2013 WL
8 5883782, at *3 (E.D. Cal. Oct. 30, 2013).  Accordingly, the Court denies Defendants' motion to
9 strike Plaintiff's prayer for injunctive relief.

## IV. CONCLUSION

For the reasons explained above, Defendants' motion to strike is granted with respect to Defendant Doyle in his official capacity and with respect to any prayer for punitive damages against the County of Marin.  The motion is denied with respect to Plaintiff's prayer for injunctive relief.  Plaintiff's request for leave to amend his complaint to name the County of Marin in the fifth cause of action for violation of California Civil Code Section 52.1 is granted.  If Plaintiff chooses to amend his complaint, he must do so within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: February 18, 2015

_____
JON S. TIGAR
United States District Judge