UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GRAYSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MARIN, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-05225-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 31 |

Before the Court is a motion to dismiss filed by Defendants County of Marin and Robert Doyle. ECF No. 31. Defendants seek an order dismissing Plaintiff Chaka Grayson's fifth cause of action for violation of California Civil Code Section 52.1, as well as his corresponding prayer for prospective injunctive relief. Id. For the reasons set forth below, the Court will grant the motion.

**I.  BACKGROUND**

On November 25, 2014, Plaintiff Grayson filed suit against Defendants the County of Marin, Robert Doyle, Evan Kubota, and Does 1-25, alleging that he suffered extensive trauma after being shot three times by Defendant Kubota, who was then employed by the County as a deputy sheriff. ECF No. 1. Plaintiff filed his First Amended Complaint ("FAC") on February 20, 2015. ECF No. 28. The FAC asserts the following claims for relief: (1) violation of 42 U.S.C. section 1983, against Defendants Kubota and Does 1-10; (2) violation of 42 U.S.C. section 1983, against Defendants Marin County, Doyle, and Does 11-25; (3) assault and battery, against Defendants Kubota and Does 1-10; (4) intentional infliction of emotional distress, against Defendants Kubota and Does 1-10; (5) violation of California Civil Code section 52.1, against Defendant Marin County; and (6) negligence, against Defendants Kubota and Does 1-10. FAC ¶¶ 21-42. Grayson seeks general, special, punitive, and statutory damages; injunctive relief

enjoining Marin County from permitting peace officers to patrol without reasonable monitoring of their psychological and/or psychiatric condition; and attorney's fees and costs. Id. ¶ 43.

On March 10, 2015, Defendants Marin County and Robert Doyle filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the fifth cause of action and its corresponding prayer for relief. ECF No. 31. Plaintiff opposes the motion. ECF No. 37.

The Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1367.

## II.     LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.    DISCUSSION

Defendants first argue that Plaintiff fails to state a cause of action under California Civil Code Section 52.1, which provides:

> (a) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. . . .
>
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may

> institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in section (a).

Cal. Civil Code § 52.1. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 883 (2007).

Here, Grayson alleges that the County of Marin violated section 52.1 "in that it interfered with Plaintiff's exercise and enjoyment of his civil rights, through its policies and practices causing the use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Plaintiff, all accomplished through force, threats, intimidation, and coercion." FAC ¶ 36. Although Grayson states that the County's inadequate investigation and monitoring of Kubota's military history and mental health caused the use of excessive force, he does not allege any facts in support of the claim that the County, the only Defendant named in this cause of action, interfered with the exercise of his civil rights with the requisite "threats, intimidation or coercion." In his opposition, Grayson "acknowledges that he inadvertently omitted references to Defendant Kubota in his fifth cause of action in the First Amended Complaint, which may make the basis of his claim unclear," and explains that the County is responsible for Kubota's section 52.1 violation under the theory of respondeat superior. ECF No. 37 at 4-6. Grayson argues that the "omission is easily remedied by amendment to include Defendant Kubota under the Section 52.1 claim — as was reflected in the Original Complaint." Id. at 4. Plaintiff's explanations in his response do not alter the fact that the operative FAC fails to state a claim for relief under section 52.1, and the claim will therefore be dismissed.

Second, Defendants argue that Plaintiff has not alleged a case or controversy with respect to his claim for injunctive relief because he fails to allege facts demonstrating ongoing illegal conduct and because he fails to allege facts demonstrating redressability. ECF No. 31 at 6-8. The

3

1  Court agrees that Plaintiff has not alleged facts sufficient to demonstrate that this Court has
2  jurisdiction to entertain his claim for injunctive relief. "Past exposure to illegal conduct does not
3  in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by
4  any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). In
5  City of Los Angeles v. Lyons, 461 U.S. 95 (1983), the Supreme Court explained that in order to
6  establish an actual controversy in a case for injunctive relief involving police chokeholds, the
7  plaintiff needed "to establish a real and immediate threat" that he would be illegally choked by the
8  police again.[1] Id. at 105.

> In order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such a manner.

Id. at 105-06. The allegation that "the City authorized the use of the control holds in situations where deadly force was not threatened" was inadequate because "it did not indicate why Lyons might be realistically threatened by police officers who acted within the strictures of the City's policy." Id. at 106. The Court concluded that "it is surely no more than speculation" to assert that a plaintiff once wronged by police misconduct "will again be involved in one of those unfortunate instances." Id. at 108.

Here, Grayson has not alleged any facts demonstrating that he is likely to be injured in the future either by Defendant Kubota, who he alleges has been fired by the County, or by the County's policies concerning the investigation and monitoring of veterans' military history and mental health. He explains that "[t]he risk to Plaintiff, or any citizen of Defendant County, is the

---

[1] The holding in Lyons has been the subject of severe criticism. See, e.g., David Rudovsky, Police Abuse: Can the Violence Be Contained?, 27 Harv. C.R.-C.L. L. Rev. 465, 485 & n.75 (1992) (citing authorities); Shakeer Rahman & Sam Barr, Eric Garner and the Legal Rules That Enable Police Violence, N.Y. Times (Dec. 5, 2014), http://www.nytimes.com/2014/12/06/opinion/eric-garner-and-the-legal-rules-that-enable-police-violence.html.

potential to encounter any Defendant County combat veteran Deputy whose psychiatric or psychological fitness is not reasonably investigated or monitored by Defendant County." ECF No. 37 at 8.  But "[a]bsent a sufficient likelihood that he will again be wronged in a similar way," Grayson "is no more entitled to an injunction than any other citizen" of Marin, "and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." Lyons, 461 U.S. at 111.

## IV.   CONCLUSION

For the foregoing reasons, the motion to dismiss is granted.  In his opposition, Plaintiff seeks leave to amend his complaint a second time.  ECF No. 37 at 6.  Defendant Kubota objects to this request.  ECF No. 38.  He argues that the request is procedurally improper, and that by seeking leave to amend in connection with a motion in which Kubota is not involved, Grayson deprives him of an opportunity to directly address whether such an amendment is appropriate or permissible.  Id.  This point is well taken.

Accordingly, the fifth cause of action is dismissed without prejudice, except with respect to the prayer for injunctive relief, as to which the Court concludes that amendment would be futile. If Plaintiff wishes to amend his complaint, he shall file within ten days of this order either a stipulation and proposed order granting leave to file a second amended complaint; or a motion for leave to amend in which he describes his meet and confer efforts in pursuit of such a stipulation.

IT IS SO ORDERED.

Dated:  May 21, 2015

                                                                            _____
                                                                            JON S. TIGAR
                                                                            United States District Judge